## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 09 2017, 9:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony S. Churchward
Deputy Public Defender
Anthony S. Churchward, P.C.
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony D. Thomas,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 9, 2017<br><br>Court of Appeals Case No.<br>02A03-1701-CR-66<br><br>Appeal from the Allen Superior Court<br><br>The Honorable John F. Surbeck, Jr., Judge<br><br>Trial Court Cause No.<br>02D06-1608-F4-52 |

**Robb, Judge.**

# Case Summary and Issue

[1] Anthony Thomas pleaded guilty to three counts of sexual misconduct with a minor as Level 4 felonies, one count of the same as a Level 5 felony, and one count of contributing to the delinquency of a minor as a Class A misdemeanor. Thomas also admitted he is a repeat sexual offender. The trial court sentenced Thomas to an aggregate sentence of eighteen years in the Indiana Department of Correction. On appeal, Thomas raises one issue for our review: whether his sentence is inappropriate in light of the nature of the offenses and his character. Concluding his sentence is not inappropriate, we affirm.

# Facts and Procedural History

[2] In July 2016, Thomas and fourteen-year-old B.W. were present in the same home when Thomas provided B.W. with alcohol and marijuana. At some point, Thomas took B.W. to a bedroom and demanded she remove her clothing. Thomas then proceeded to perform oral sex, digital penetration, and sexual intercourse with B.W. despite B.W.'s requests he stop. Thomas also later asked B.W. not to tell anyone, and when questioned by law enforcement, Thomas denied B.W.'s allegations.

[3] On August 2, 2016, the State charged Thomas with three counts of sexual misconduct with a minor as Level 4 felonies, one count of the same as a Level 5 felony, and one count of contributing to the delinquency of a minor as a Class A misdemeanor. The State also alleged Thomas was a repeat sexual offender.

Without the benefit of a plea agreement, Thomas pleaded guilty as charged. At the sentencing hearing, the parties agreed that given the fact Thomas' convictions arose out of only one episode of criminal conduct, the maximum sentence the trial court could impose was fifteen years, *see* Ind. Code § 35-50-1-2(d)(3), in addition to a six-year enhancement due to Thomas' status as a repeat sexual offender, *see* Ind. Code § 35-50-2-14(f). The trial court then sentenced Thomas to twelve years for the underlying offenses plus a six-year enhancement due to his status as a repeat sexual offender for an aggregate sentence of eighteen years. This appeal ensued.

## Discussion and Decision

[4] Indiana Appellate Rule 7(B) states, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." On appeal, the defendant bears the burden of persuading this court his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Whether we regard a sentence as inappropriate turns on "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of appellate review is to "leaven the outliers," not to achieve the perceived "correct" result in each case. *Id*. at 1225.

[5]     The advisory sentence is the starting point the legislature selected as an appropriate sentence for the crime committed. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). Here, Thomas was convicted of three Level 4 felonies, one Level 5 felony, and one Class A misdemeanor. A person who commits a Level 4 felony shall be imprisoned for a fixed term of between two and twelve years, with the advisory sentence being six years. Ind. Code § 35-50-2-5.5. A person who commits a Level 5 felony shall be imprisoned for a fixed term of between one and six years, with the advisory sentence being three years. Ind. Code § 35-50-2-6(b). And a person convicted of a Class A misdemeanor faces a maximum sentence of one year. Ind. Code § 35-50-3-2. Excluding the repeat sexual offender enhancement, the trial court sentenced Thomas to an aggregate sentence of twelve years.

[6]     As to the nature of the offense, we note Thomas first provided B.W. with intoxicating substances. He then proceeded to perform numerous sexual acts on B.W. without B.W.'s consent and contrary to her requests that he stop. In addition, Thomas asked B.W. to keep the misconduct a secret. As to his character, we acknowledge Thomas pleaded guilty thereby indicating some ability to take responsibility for his conduct, but note this was only done after he had already denied any culpability to law enforcement. In addition, Thomas has an extensive criminal history, which includes previous convictions for sexual misconduct with a minor, battery, invasion of privacy, criminal conversion, criminal mischief, and criminal trespass. Thomas has not persuaded us his sentence is inappropriate.

# Conclusion

[7]     We conclude Thomas' sentence is not inappropriate in light of the nature of the offenses and his character.  Accordingly, we affirm.

[8]     Affirmed.

Vaidik, C.J., and Bailey, J., concur.